FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 11 2012

JAMES R. LARSEN, CLERK
DEPUTY
RICHLAND, WASHINGTON

Vito de la Cruz, WSBA No. 20797
TAMAKI LAW OFFICES
1340 N. 16th Ave., Ste. C
Yakima, WA 98902
vito@tamakilaw.com
509/248-8338
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA G. DAVILA-MARQUEZ and ERNESTO MARQUEZ, wife and husband,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF PASCO, a Municipal corporation, and RYAN FLANAGAN and JANE DOE FLANAGAN, husband and wife, and ZACHARY FAIRLEY and JANE DOE FAIRLEY, husband and wife, and ROBERT MEZTGER, Chief of Police of the Pasco Police Department,<br><br>Defendant(s). | NO.: **CV-12-5059-LRS**<br><br>COMPLAINT FOR DAMAGES |

COME NOW the Plaintiffs and allege as follows:

## I. PRELIMINARY STATEMENT

This is a civil action for monetary relief against the City of Pasco and three individual police officers for violating Plaintiff Maria G. Davila-Marquez' civil and common law rights by subjecting her to an unreasonable seizure and unreasonable and excessive force and causing her injuries on May 21, 2009.

## II. PARTIES

2.1 Plaintiffs Maria G. Davila-Marquez and Ernesto Marquez form a marital community in Franklin County, Washington and are residents of Franklin County, Washington.

2.2 Defendant City of Pasco is a municipal corporation in Franklin County, Washington governed by and functioning under the laws of the State of Washington. The City of Pasco includes the Pasco Police Department.

2.3 Defendant Robert Metzger is the Chief of Police of the City of Pasco Police Department.

2.4 Upon information and belief, Defendants Ryan Flanagan ("Flanagan") and Jane Doe Flanagan whose true name is unknown, are husband and wife and comprise a marital community under the laws of the State of Washington. Upon information and belief, Flanagan resides within the Eastern District of the State of Washington. At all relevant times, Flanagan was a police officer employed by the City of Pasco and acting within the course and



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

scope of his employment and agency with the City of Pasco Police Department and under color of law. All of Flanagan's acts alleged herein were taken by Flanagan for himself, and by and for the benefit of the City of Pasco and his marital community.

2.5 Upon information and belief, Defendants Zachary Fairley ("Fairley") and Jane Doe Fairley whose true name is unknown, are husband and wife and comprise a marital community under the laws of the State of Washington. Upon information and belief, Fairley resides within the Eastern District of the State of Washington. At all relevant times, Fairley was a police officer employed by the City of Pasco and acting within the course and scope of his employment and agency with the City of Pasco Police Department and under color of law. All of Fairley's acts alleged herein were taken by Fairley for himself, and by and for the benefit of the City of Pasco and his marital community.

## III. JURISDICTION

3.1 This Court has jurisdiction over the subject matter of this action pursuant to Title 28 United States Code (U.S.C.) §§ 1331, 1332, and 1333 and Title 28 U.S.C. §1441, in that Plaintiff Maria G. Davila-Marquez has asserted claims for deprivation of civil rights under Title 42 U.S.C. §1983 for violations



**Tamaki Law Offices**
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## IV. VENUE

4.1 Venue for this action is properly before this court pursuant to 28 U.S.C. §1391 because the events giving rise to the claims asserted herein occurred in the Eastern District of the State of Washington and because the defendants reside in the Eastern District of the State of Washington.

## V. FACTS

5.1 On May 21, 2009 at approximately 3:41 in the afternoon, Franklin County Sheriff's Office dispatch received a telephonic complaint about a teenager with long dark hair with highlights, was dressed in a grey shirt and jean shorts, and was causing a disturbance in front of a house on Taft Drive in Pasco (hereinafter referred to as "teenaged suspect").

5.2 There is no indication that the 9-1-1 caller believed the teenaged suspect to be armed. Nor is there any evidence upon which the defendants could have formed a reasonable belief that the teenaged suspect was armed.

5.3 Plaintiff Maria G. Davila-Marquez at the time was 30 years old and clearly not a teenager, did not and does not speak English well, did not have long dark hair with highlights, was not dressed in jean shorts, and had not caused a disturbance in front of a house on Taft Drive.



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

5.4 At approximately 3:30 p.m., on May 21, 2009, Plaintiff Maria G. Davila-Marquez was on her way to pick up her children from childcare after completing her regular work shift at Tyson Foods, her place of employment.

5.5 Plaintiff Maria G. Davila-Marquez walked along Road 60, north of Fenway Drive, in Pasco, Washington, as she normally did when retrieving her children after completing her work day.

5.6 Defendant Flanagan was driving a Pasco Police Department patrol vehicle when he quickly drove the vehicle alongside Plaintiff Maria G. Davila-Marquez, stopped the car, exited, approached Plaintiff Maria G. Davila-Marquez, and detained her. Plaintiff Maria G. Davila-Marquez was not free to leave.

5.7 A short time later, Defendant Fairley, who was in a Pasco Police Department patrol vehicle, arrived and also approached Plaintiff Maria G. Davila-Marquez. By the time Defendant Fairley arrived, Plaintiff Maria G. Davila-Marquez was not free to leave.

5.8 Neither Defendant Flanagan nor Fairley had reasonable suspicion to detain Plaintiff Maria G. Davila-Marquez nor did they have probable cause to effectuate an arrest and restriction of Plaintiff Maria G. Davila-Marquez' freedom of movement.



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

5.9 During the ensuing interaction between Plaintiff Maria G. Davila-Marquez and Defendants, Defendants Flanagan and Fairley accosted, handcuffed, and forcibly threw Plaintiff Maria G. Davila-Marquez onto the hood of Defendant Flanagan's patrol vehicle.

5.10 Defendants forced Plaintiff Maria G. Davila-Marquez face onto the hood Flanagan's car. The hood of the car was hot enough to burn human skin.

5.11 As a result, Plaintiff Maria G. Davila-Marquez suffered burns to her face and injuries to other parts of her body.

5.12 Plaintiff Maria G. Davila-Marquez was handcuffed and placed into the backseat of Defendant Flanagan's patrol vehicle where she remained while the original complainants were brought to the location in an attempt to have her identified as the teenaged suspect.

5.13 Nobody identified Plaintiff Maria G. Davila-Marquez as the teenaged suspect. Nonetheless, Plaintiff Maria G. Davila-Marquez was charged with hindering police in violation of Pasco Municipal Code, section 9.42.020.

5.14 The charge of hindering police was ultimately dismissed by the prosecuting attorney for the City of Pasco.

5.15 The Defendant-officers acted in violation of Plaintiff Maria G. Davila-Marquez' well-established constitutional rights under the Fourth Amendment (as incorporated by the Fourteenth Amendment), which explicitly



**Tamaki Law Offices**
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

binds the states with the due process protections of the United States Constitution.

5.16 The individual Defendant-Officers were not adequately trained in the constitutional limitations on the use of force. Alternatively, throughout their encounter with Plaintiff Maria G. Davila-Marquez, Defendants Flanagan and Fairley acted intentionally, knowingly, maliciously, and recklessly in violation of Plaintiff Maria G. Davila-Marquez' well-established constitutional rights under the Fourth Amendment to the United States Constitution.

5.17 Upon information and belief, neither Defendants Flanagan nor Fairley were disciplined by the Pasco Police Department. On information and belief, the unlawful use of excessive force by the individual Defendants Flanagan and Fairley was carried out in accordance with the policies and procedures of the Pasco Police Department and the official policies, customs, and practices of the City of Pasco. The City of Pasco has approved of the individual Defendants' conduct and has ratified said conduct.

5.18 The official policies, customs, and practices of the City of Pasco and the Pasco Police Department caused the deprivation of Plaintiff Maria G. Davila-Marquez' constitutional right to be free from excessive force and caused her injury.



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

5.19 According to the latest census, Franklin County has about 78,000 inhabitants of which approximately 40,000 are Hispanic. Hispanics therefore constitute 51% of the Franklin County population. Much of Franklin County's population is concentrated in the City of Pasco. (Source: United States Census Bueau, 2010 Demographic Profile.)

5.20 Upon information and belief, the City of Pasco and the Pasco Police Department engaged in a pattern and practice of not providing sufficient training to law enforcement officers to service a heavily Hispanic population and/or to provide sufficiently and adequately trained bilingual officers to service the city's Hispanic population.

5.21 As part of the pattern and practice employed by the City of Pasco and the Pasco Police Department, Officers Flanagan and Fairley ignored, dismissed, and/or ridiculed Plaintiff Maria G. Davila-Marquez' pleas to have a Spanish-speaking officer assist her respond to Flanagan's and Fairley's interrogation following her illegal detention and arrest.

5.22 As a result of the allegations contained herein, the City of Pasco is liable for Plaintiff Maria G. Davila-Marquez for violating her Fourth, Fifth, and Fourteenth Amendment rights through the acts of the individual Defendants in unlawfully subjecting Plaintiff Maria G. Davila-Marquez to excessive and unreasonable force and for unlawfully causing her injury on May 21, 2009.



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

Plaintiff Maria Davila-Marquez suffered (and continues to suffer) damages from the injuries incurred as a result of the Defendants' conduct.

## VI. STATEMENT OF DAMAGES

6.1 As a direct and proximate cause of the intentional and wrongful acts and omissions of Defendants, Plaintiff Maria G. Davila-Marquez suffered violations of certain, well-established constitutionally-protected rights including violations under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

6.2 As a further direct and proximate result of the intentional and wrongful acts and omissions of Defendants, Plaintiff Maria G. Davila-Marquez suffered injuries, physical pain, anxiety, emotional distress and humiliation.

6.3 As a further direct and proximate result of the intentional and wrongful acts and omissions of Defendants, Maria G. Davila-Marquez suffered wage loss and medical expenses.

6.4 As a further direct and proximate result of the intentional and wrongful acts and omissions of Defendants, Plaintiff Ernesto Marquez suffered loss of consortium damages.

6.5 As a further direct and proximate result of the intentional and wrongful acts and omissions of Defendants, Plaintiff Maria G. Davila-Marquez incurred costs and fees including filing fees, attorney's fees, investigatory fees,



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

copying costs and the like - associated with bringing and maintaining this action.

## VII. FIRST CAUSE OF ACTION - VIOLATION OF THE FOURTH AMENDEDMENT OF THE UNITED STATEST CONSTITUTION

7.1 Plaintiffs re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1.1-6.5.

7.2 The Fourth Amendment to the United States Constitution guarantees to each person in the United States that he or she will be free from unreasonable interference with their person by the government, its agencies, and its agents.

7.3 Defendants Flanagan and Fairley, and therefore, the City of Pasco and the Pasco Police Department, by their conduct alleged herein deprived Plaintiff Maria G. Davila-Marquez of her right to be free from unreasonable interference and bodily integrity, and therefore violated Plaintiff Maria G. Davila-Marquez' rights guaranteed by the Fourth Amendment.

7.4 Defendants Flanagan's, Fairley's and the City of Pasco's violation of Plaintiff Maria G. Davila-Marquez' Fourth Amendment rights proximately resulted in physical, emotional and psychological injury to Plaintiff Maria G. Davila-Marquez.



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

7.5 A violation of the Fourth and Fourteenth Amendments of the United States Constitution is actionable and compensable pursuant to 42 U.S.C. § 1983. Plaintiff Maria G. Davila-Marquez is thus entitled to recover damages for Defendants Flanagan's, Fairley's, and the City of Pasco's violations of Plaintiff Maria G. Davila-Marquez' constitutional rights, in an amount to be proven at trial.

## VIII. SECOND CAUSE OF ACTION—EXCESSIVE USE OF FORCE

8.1 Plaintiffs re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1.1-6.5.

8.2 The Fourth Amendment to the United States Constitution guarantees to each person in the United States that he or she will be free from the excessive use of force by police officers and/or agencies or agents of the government.

8.3 Defendants Flanagan and Fairley, and therefore, the City of Pasco and the Pasco Police Department, by their conduct alleged herein deprived Plaintiff Maria G. Davila-Marquez of her right to be free from excessive force and bodily integrity, and therefore violated Plaintiff Maria G. Davila-Marquez' rights guaranteed by the Fourth Amendment.

8.4 Defendants Flanagan's, Fairley's and the City of Pasco's violation of Plaintiff Maria G. Davila-Marquez' Fourth Amendment rights proximately



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

resulted in physical, emotional and psychological injury to Plaintiff Maria G. Davila-Marquez.

8.5 A violation of the Fourth and Fourteenth Amendments of the United States Constitution is actionable and compensable pursuant to 42 U.S.C. § 1983. Plaintiff Maria G. Davila-Marquez is thus entitled to recover damages for Defendants Flanagan's, Fairley's, and the City of Pasco's violations of Plaintiff Maria G. Davila-Marquez' constitutional rights, in an amount to be proven at trial.

## IX. THIRD CAUSE OF ACTION – NEGLIGENCE - CITY OF PASCO

9.1 Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1.1-6.5.

9.2 Defendants City of Pasco and Robert Meztger, had a duty to properly train, instruct, and supervise its law enforcement officers.

9.3 By its acts and omissions, Defendants City of Pasco and Robert Meztger failed to properly train, instruct, and supervise its law enforcement officers, and were therefore negligent.

9.4 As a direct and proximate result of Defendants' negligence, Plaintiff Maria G. Davila-Marquez herein sustained damages.



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

## X. FOURTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS/NEGLIGENCE

10.1 Plaintiffs re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1.1-6.5.

10.2 Defendants Flanagan's and Fairley's intentional and/or reckless and/or negligent acts described herein were extreme and outrageous and caused severe emotional distress thus constituting the tort of negligent infliction of emotional distress. Said negligence also proximately caused bodily harm to Plaintiff Maria G. Davila-Marquez. Plaintiff Maria G. Davila-Marquez is therefore entitled to recover damages for Defendants Flanagan's and Fairley's conduct which resulted in injury to her in an amount to be proven at trial.

10.3 At the time of their unlawful detention and/or arrest of and excessive use of force upon Plaintiff Maria G. Davila-Marquez, Defendants Flanagan and Fairley were on duty, in uniform, presented themselves as Pasco Police Officers, acting under color of law, and were therefore authorized agents of the City of Pasco.

## XI. FIFTH CAUSE OF ACTION - DEPRIVATION OF CIVIL RIGHTS

11.1 Plaintiffs re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1.1-6.5.



**Tamaki Law Offices**
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

11.2 Defendants acted pursuant to official local governmental entity policy under color of law, statute, ordinance, regulation, custom, or usage of the State of Washington, and thereby subjected Plaintiff Maria G. Davila-Marquez or caused her to be subjected to the deprivation of his rights, privileges, or immunities secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

11.3 Defendants Flanagan's, Fairley's, and the City of Pasco's violation of Plaintiff Maria G. Davila-Marquez' Fourth Amendment rights proximately resulted in physical, emotional and psychological injury to Plaintiff Maria G. Davila-Marquez.

11.4 A violation of the United States Constitution is actionable and compensable pursuant to 42 U.S.C. § 1983. Plaintiff Maria G. Davila-Marquez is thus entitled to recover damages for Defendants Flanagan's, Fairley's, and the City of Pasco's violations of Plaintiff Maria G. Davila-Marquez' constitutional rights, in an amount to be proven at trial.

## XII. SIXTH CAUSE OF ACTION---VIOLATION OF ARTICLE I, SECTION 3 OF THE WASHINGTON STATE CONSTITUTION

12.1 Plaintiffs re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1.1-6.5.



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

12.2 Article 1, Section 3 of the Washington State Constitution guaranteed to Plaintiff Maria G. Davila-Marquez that she would be free from unwanted interference with her liberty interests without due process of law.

12.3 Defendants Flanagan, Fairley, and therefore the City of Pasco by their conduct alleged herein, deprived Plaintiff Maria G. Davila-Marquez of her right to be free from such unwanted interference, and therefore violated her rights guaranteed under the Washington State Constitution.

12.4 These violations directly and proximately resulted in physical, emotional and psychological injury to Plaintiff Maria G. Davila-Marquez and thus she is entitled to recover damages in an amount to be proven at trial.

## XIII. SEVENTH CAUSE OF ACTION—LOSS OF CONSORTIUM

13.1 Plaintiffs re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1.1-6.5.

13.2 As a direct and proximate cause of Defendants' conduct, Plaintiff, Ernesto Marquez lost the consortium of his wife, Plaintiff Maria G. Davila-Marquez in an amount to be proven at trial.

## XIV. PUNITIVE DAMAGES

14.1 Plaintiff Maria G. Davila-Marquez is entitled to recover punitive damages for the misconduct of a governmental official which resulted in a violation of her rights under the United States Constitution.



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

14.2 Defendants' misconduct as alleged herein justifies and warrants an award of punitive damages.

## XV. PRAYER FOR RELIEF

Wherefore, Plaintiffs ask the Court for the following relief:

15.1 To accept jurisdiction of their claims, including supplemental state law claims;

15.2 For judgment in their favor against all Defendants jointly and severally for all damages suffered and recoverable pursuant to state and federal law including but not limited to 42 U.S.C. §1983;

15.3 For punitive damages pursuant to 42 U.S.C. §1983 and as may be permitted by law;

15.4 For joint and several liability against all Defendants for Plaintiffs' attorney's fees, expenses, and costs incurred herein.

15.5 For pre- and post-judgment interest on all amounts awarded;

15.6 To enter an order declaring that Defendants violated Plaintiff Maria G. Davila-Marquez' Constitutional and common law rights;

15.7 For leave to amend their complaint to conform to proof at trial; and



**Tamaki Law Offices**
**1340 N. 16th Ave., Ste. C**
**Yakima WA 98902**
**509-248-8338**

15.8 For such other relief as the Court deems appropriate.

DATED this 11th day of May, 2012.

TAMAKI LAW OFFICES
Attorneys for Plaintiffs

By: ______________________
Vito R. de la Cruz
WSBA No. 20797
1340 N. 16th Ave., Ste. C
Yakima, WA 98902
Phone: 509/248-8338
Fax: 509/452-4228
vito@tamakilaw.com



**Tamaki Law Offices**
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338