UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA G. DAVILA-MARQUEZ and ERNESTO MARQUEZ, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PASCO, a municipal corporation; and RYAN FLANAGAN and JANE DOE FLANAGAN, husband and wife, and ZACHARY FAIRLEY and JANE DOE FAIRLEY, husband and wife, and ROBERT METZGER, Chief of Police of the Pasco Police Department,<br><br>Defendants. | NO. CV-12-5059-LRS<br><br>ORDER RE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Partial Summary Judgment, ECF No. 15, filed on January 10, 2013 and noted for March 4, 2013, without oral argument. Plaintiffs Maria G. Davila-Marquez and Ernesto Marquez, oppose the motion. After careful review of the pleadings, exhibits, and declarations submitted by both parties, the Court finds that there are no genuine

ORDER - 1

issues of material fact for the two discrete issues before the Court, and Defendants are entitled to partial summary judgment as a matter of law for the reasons set forth below.

**A.   Duty To Provide Spanish Interpreter**

Plaintiff Maria G. Davila-Marquez and her husband Ernesto sue Pasco Police Officers Ryan Flanagan and Zachary Fairley as the result of her detainment by the officers on May 21, 2009. Plaintiff Davila-Marquez also sues Pasco Police Chief Robert Metzger and the City of Pasco.

Among other claims, Plaintiffs allege that the officers lacked probable cause to detain Maria Davila-Marquez and the officers used unreasonable force when detaining her. Probable cause and the use of unreasonable force are not issues before the Court for purposes of this partial summary judgment motion.

Plaintiffs argue that Defendant Officers Flanagan and Fairley should have retrieved a Spanish-speaking officer for Maria Davila-Marquez, when detaining her, in order to assist in interpreting for her. Defendants request that the Court enter a partial summary judgment order declaring that they had no obligation to bring to the scene of Plaintiff's arrest a Spanish speaking officer nor during any of Plaintiff Davila-Marquez's initial contact with law enforcement officers, provide

ORDER - 2

Plaintiff Davila-Marquez a Spanish interpreter.

Citing decisions from various state and federal jurisdictions, including the Ninth Circuit, Defendants assert that courts have consistently held that law enforcement agencies need not provide foreign language interpreters, including Spanish-speaking translators, when a non-English speaking citizen encounters or is arrested by a law enforcement officer. (ECF No. 17 at 3-11). Additionally, in other contexts, Defendants note the Ninth Circuit has found that Spanish speaking citizens are not denied equal protection and due process where the state administered its unemployment insurance benefits program only in English. *Carmona v. Sheffield*, 475 F.2d 738 (9th Cir.1973).

Plaintiff, in opposition to the Defendants' motion, suggests that part of the officers' so-called "probable cause" to arrest was their inability to understand the information Plaintiff Davila-Marquez was providing in response to their interrogation. Plaintiffs allege that the officers believed that Ms. Davila-Marquez was providing false or misleading information. Plaintiffs argue that the Defendant Officers ignored, dismissed, or ridiculed Plaintiff Davila-Marquez' pleas for a Spanish speaking officer to assist and that that they illegally detained her. Defendants deny those facts but for purposes of their summary judgment motion,

ORDER - 3

concede Plaintiffs' version of the facts that the officers did not summon a Spanish speaking officer to assist after Plaintiffs' request for assistance.

Plaintiffs' position relies on the theory that because Defendant City of Pasco has been the recipient of several federal Justice Assistance Grants (JAG) and other federal grant funds, it is obligated to comply with federal directives to provide services to Limited English Proficient (LEP) persons. Plaintiff adds the Executive Order No. 13166, 65 Fed. Reg. 50,121 (Aug. 15, 2000) requires federal agencies and recipients of federal funding to provide meaningful access to LEP persons.

Plaintiffs' assert that based upon information and belief (because discovery is not completed) the City of Pasco failed to comply with federal regulations in formulating service programs to LEP persons despite clear directives to do so. Plaintiffs further argue that there is nothing in the training manuals formulated by the City of Pasco and Pasco Police Department addressing the provisions of services to LEP persons, including suspects.

The Court finds Plaintiffs' argument unpersuasive. The Department of Justice's "Guidance to Federal Financial Assistance Recipients Regarding Title VI Prohibition Against National Origin Discrimination Affecting Limited English

ORDER - 4

Proficient Person," ("Guidance")[1] is a guide, without the force of law. Additionally, DOJ's "Guidance" document does not create a private cause of action. Because of the flexible approach to securing compliance with Title VI as mandated by Exec. Order 13,166, even small steps toward compliance will show a good faith effort to comply. See "Guidance" document, ECF No. 23-2 at 15.

In *Alexander v. Sandoval*, 532 U.S. 275, 293 (2001), the Court held that in order to prove national-origin discrimination under Title VI of the Civil Rights Act of 1964, a plaintiff must show that an agency receiving federal funds acted with discriminatory intent in failing to provide services in another language. The *Moua v. City of Chico*, 324 F. Supp. 2d 1132 (E.D. Cal. 2004) case, however, illustrates the difficulty of proving intent in cases dealing with alleged unequal provision of police services.

Defendants represent that Pasco Police Department employs 12 Spanish speaking police officers. Defendant Officers Flanagan and Fairley, who encountered Plaintiff, do not speak Spanish. It could be viewed that the Pasco

---

[1] See Department of Justice Guidance to Federal Financial Assistance Recipients Regarding Title VI Prohibition Against National Origin Discrimination Affecting Limited English Proficient Persons, 67 Fed. Reg. 41,455, 41,458 (June 18, 2002).

ORDER - 5

Police Department, by employing 12 Spanish speaking officers, has taken reasonable steps to ensure meaningful access to their programs and activities by LEP persons, considering the average yearly grant is in the range of $12,543 - $22,068.  ECF No. 23-3.

Finally,  federal case law is lacking to support the notion that a person has a federally protected right to an interpreter when initially confronted by police. Federal courts have, however, implicated a Sixth Amendment right to translation <u>in the courtroom</u>, for example:

> The right to confrontation, for a defendant unable to understand the language of the court and the witnesses, requires simultaneous translation for the purpose of communicating with counsel to enable the latter to effectively cross-examine witnesses to test their credibility, their memory and their accuracy of observation.

*Giraldo–Rincon v. Dugger*, 707 F.Supp. 504, 506 (M.D.Fla.1989) (citing *United States of America v. The State of New York*, 434 F.2d 386 (2nd Cir.1970)). The federal cases hold that the right to an interpreter affects a defendant's Sixth Amendment right of confrontation and the right inherent in a fair trial to be present at one's own trial. See *United States ex rel. Negron v. State of New York*, 434 F.2d 386, 389 (2nd Cir.1970).  Washington also provides by statute that when an

ORDER - 6

impaired person is a party to any legal proceeding the judge shall, in the absence of a written waiver, appoint a qualified interpreter. RCW 2.42.020.

The Court Interpreters Act of 1978,[2] while underscoring the importance of ensuring the highest quality translations for non-English speaking defendants, does not create new constitutional rights for defendants or expand existing constitutional safeguards.  See *United States v. Tapia*, 631 F.2d 1207, 1209–10 (5th Cir.1980).

Notwithstanding the foregoing, the Court makes no judgment as to the use of or the effect of evidence of language difficulties or the lack of an interpreter for other aspects of Plaintiffs' case.

**B.    Dismissal of Claims Against Defendant Robert Metzger**

Defendant Pasco Police Chief Robert Metzger seeks dismissal of all claims against him, since he did not serve as Chief of Police until May 2011, two years after the event about which plaintiffs complain.  The Court finds that due to lack of personal involvement of Defendant Metzger in any conduct alleged to have violated Plaintiff's constitutional rights, he must be dismissed from this action.

**IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Partial Summary Judgment, **ECF No. 15**, filed on

---

[2] 28 U.S.C. § 1827.

ORDER - 7

January 10, 2013 is **GRANTED**.

2. All claims against Defendant Robert Meztger are dismissed with prejudice.

The District Court Executive is directed to enter this Order, enter judgment consistent with this order, and provide a copy to counsel.

DATED this 18th day of March, 2013.

*s/Lonny R. Suko*

_____
            LONNY R. SUKO
        U.S. District Court Judge

ORDER - 8